NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS WILLIAM WOOLLEY,

 Plaintiff - Appellant,

 v.

FRANK BISIGNANO, Commissioner of
Social Security,

 Defendant - Appellee.

No. 24-3745

D.C. No.
6:23-cv-00645-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted July 8, 2025[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and BENNETT, Circuit Judges.

Thomas Woolley appeals the district court's order affirming the

Commissioner of Social Security's denial of his application for disability benefits.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's order de novo and may reverse a denial of benefits only when that decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted) (internal quotation marks omitted).

A claimant is precluded from an award of disability benefits if alcohol or drug use is "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). This analysis turns on whether the Administrative Law Judge (ALJ) would find the claimant disabled even in the absence of drugs or alcohol use. 20 C.F.R. § 404.1535.

Here, substantial evidence supported the ALJ's determination that Woolley's substance use was material to his mental impairments. Records from Woolley's visits to the emergency department in July 2020 show that he experienced several episodes of substance-induced psychosis and that his conditions improved markedly during the times when he was not using substances. As the ALJ observed, mental status findings that post-dated July 2020 demonstrated Woolley's normal cognitive capacity and cooperative demeanor.

Woolley argues that the ALJ erred by discounting four medical opinions

from practitioners who submitted form reports indicating that Woolley suffered severe limitations even without considering his substance use. Their assessment, Woolley contends, is reconcilable with evidence that he suffered merely moderate limitations. Under substantial evidence review, however, we may not reverse a denial of benefits on the basis that an alternative interpretation of the facts favors the claimant. *See Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). The ALJ reasonably determined that the medical opinions were unpersuasive because they were neither supported by specific objective findings nor consistent with the practitioners' own clinical notes tending to show that Woolley functioned normally. *See* 20 C.F.R. § 404.1520c(c)(1)–(2).

Woolley also argues that the ALJ erred by providing no reasons for discounting the lay witness statement from his mother. The ALJ did, however, reasonably explain that the statement conflicted with evidence of Woolley's average intellectual function and ability to socially interact.[1]

Substantial evidence thus supported the ALJ's conclusion that Woolley is not entitled to disability benefits because substance use was material to his mental

---

[1] Woolley's argument that the ALJ erred by posing incomplete hypothetical questions to the vocational expert is derivative of his arguments about the medical opinions and lay witness statement, and therefore fails. *See Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988) (explaining that the ALJ's hypothetical questions to the vocational expert can omit limitations "that the ALJ had specific and legitimate reasons for disbelieving").

impairments.

**AFFIRMED**.